UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,

      - against -                            06 Cr. 01179 (RJH) - 15

DAVID NEUSTEIN,

                    Defendant.
------------------------------------------------------------------------x

**DEFENDANT NEUSTEIN'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO
CORRECT JUDGMENT OF CONVICTION**

       This memorandum is respectfully submitted in support of the motion of defendant David

Neustein asking the Court to correct the judgment of conviction in this case to accurately reflect

the sentence imposed by the Court.

       On September 9, 2009, this Court imposed sentence upon David Neustein, upon his prior

plea of guilty.  The attached transcript reflects that in imposing sentence the Court stated

> It is the judgment of this court that the defendant David Neustein is hereby
> commit to the custody of the United States Bureau of Prisons to be imprisoned for
> a term of 15 months.  Upon release from imprisonment, defendant shall be placed
> on supervised release for a term of <u>two years</u> with the conditions recommended by
> the probation department, namely . . ."

(Transcript of Sentencing Proceeding, Exhibit A, p. 23)(emphasis added).  The Court directed

Mr. Neustein to surrender to the Bureau of Prisons on November 2, 2009 (Exhibit A, p. 27), and

he did so.

       The written  judgment of conviction provides for a period of supervised release of <u>three</u>

<u>years</u>, rather than the two years imposed by the Court at sentencing. (Exhibit B, p. 3).

The Second Circuit has held in *United States v. Myers*, 426 F.3d 117, 122 n.2 (2nd Cir. 2005):

> The oral sentence constitutes the judgment of the court, and supplies authority for the execution of the court's sentence, while " '[t]he written commitment order is mere evidence of such authority.' " *United States v. Werber*, 51 F.3d 342, 347 (2d Cir.1995) (quoting *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974) (further internal quotation marks omitted)). Where an unambiguous oral pronouncement of sentence directly conflicts with the written judgment and commitment, the oral pronouncement must control. *See United States v. Truscello*, 168 F.3d 61, 62 (2d Cir.1999).

*See also, United States v. Jacques*, 321 F.3d 255 (2nd Cir. 2003); *United States v. Antonetti*, 362 Fed.Appx. 200 (2nd Cir. 2010).

While Rule 35(a), Fed.R.Crim.P., places a 14 day limit on the authority of a District Court to "correct a sentence that resulted from arithmetical, technical, or other clear error," this application does not seek correction of the sentence; rather it seeks correction of the written judgment of conviction under Rule 36, Fed.R.Crim.P., to accurately reflect the actual sentence imposed by the Court.

Under Rule 36 "[a]fter giving any notice it considers appropriate, the court may <u>at any time</u> correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." (emphasis added).  *See United States v. Miller*, 341 Fed.Appx. 931, 934 (4th Cir. 2009)(applying Rule 36 to conform written judgment of conviction to controlling oral pronouncement of sentence); *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008)("Rule 35(a) is implicated when a district court seeks to alter the actual sentence imposed on a criminal defendant as announced at the sentencing hearing. By contrast, courts have deemed Rule 36 the appropriate mechanism for amendments that do not

substantively alter the sentence announced orally but rather correct errors in written judgments."

[citations omitted); *United States v. Cardwell*, 220 Fed.Appx. 213 (4th Cir. 2007)(same); *United States v. Toney*, 22 Fed.Appx. 106 (4th Cir. 2001)("The conflict between the orally pronounced sentence and the judgment order is thus deemed to be a clerical error which may be corrected at any time. Fed.R.Crim.P. 36.")

## CONCLUSION

Under the circumstances, we respectfully submit that the Court should direct that the judgment of conviction be corrected to accurately reflect the sentence imposed by the Court.

Dated: August 5, 2010
      New York, New York

                                    Respectfully submitted,

                                    _____/s/_____
                                    JACOB LAUFER (JL-2846)
                                    Attorney for Defendant David Neustein
                                    65 Broadway, Suite 1005
                                    New York, New York 10006
                                    (212) 422-8500

cc:     Avi Weitzman, Esq. A.U.S.A. (Via ECF)